■ In the Matter of GLOVERSVILLE KNITTING COMPANY, Petitioner, against STATE TAX COMMISSION, Respondent. — Proceeding pursuant to article 78 of the Civil Practice Act. On March 15, 1943 the petitioner acquired certain assets of Royalknit Glove Corporation, which was dissolved on July 30 of that year. All the assets of Royalknit were thus acquired except cash and accounts and refunds receivable. Petitioner paid $30,000 for the assets transferred, plus $2,410.02 for work done for petitioner by Royalknit. The assets thus purchased and transferred included good will, raw materials, goods in process and finished, supplies, trade-marks, machinery, equipment and real estate. There is some proof that the value assigned to some of the personal property would bring the total value of the property transferred to a figure some $7,000 higher than the price paid, but this is not a controlling factor in the decision of this case. The value of the other assets of Royalknit, not acquired by petitioner, and consisting of cash and accounts, was $101,040.03. This was the major part of all the assets of the transferor. The statute effective at that time (Tax Law, § 214-a; L. 1942, ch. 427, repealed by L. 1944, ch. 415) provided that if a corporation shall acquire " the major portion of the actively employed assets * * * of another corporation " within a time applicable here, it shall be. liable for the franchise tax of such other corporation during such year. The essential question is whether the cash and accounts and refunds receivable were " actively employed " assets of the transferring corporation. After a hearing into the facts of this case the Tax Commission has determined that these assets retained by Royalknit are not to be included as actively employed assets; that accordingly a major part of Royalknit's actively employed assets have been transferred to petitioner which has been assessed with the transferor's franchise tax for the year involved. Substantial evidence sustains the determination. Sometimes cash or accounts may be actively employed assets under some forms and conditions of business operations; but here there is proof that the cash held by Royalknit was higher than usual in view of its purpose to liquidate its business; and it seems not unreasonable to find that so large an amount of cash in relation to the other assets would not be deemed actively employed in a glove manufacturing process. Determination unanimously confirmed, with $50 costs to respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.